UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BRITTANY RENEE GIBSON, | No. 2: 22-cv-0844 KJN P |
| Petitioner, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| STATE OF CALIFORNIA, | |
| Respondent. | |

Petitioner, a state prisoner proceeding pro se, filed a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Petitioner challenges her 2018 conviction for conspiracy to commit murder, attempted murder, assault with a firearm and a firearm sentence enhancement. (ECF No. 9 at 1.)  Petitioner is serving a sentence of 25 years to life imprisonment.  (Id.)

Pending before the court is petitioner's motion to stay this action pursuant to Rhines v. Weber, 544 U.S. 269 (2005).  (ECF No. 13.)  For the reasons stated herein, the undersigned recommends that petitioner's motion to stay be granted.

The petition raises the following claims:  1) the trial court failed to instruct the jury regarding accessory after the fact; 2) the trial court failed to instruct the jury regarding conspiracy to commit assault with a deadly weapon; 3) ineffective assistance of counsel; 4) Fourth Amendment violation; and 5) prosecutorial misconduct.  (ECF No. 9 at 4-10.)

////

1

The exhaustion of state court remedies is a prerequisite to the granting of a petition for writ of habeas corpus. 28 U.S.C. § 2254(b)(1). If exhaustion is to be waived, it must be waived explicitly by respondent's counsel. 28 U.S.C. § 2254(b)(3).[1] A waiver of exhaustion, thus, may not be implied or inferred. A petitioner satisfies the exhaustion requirement by providing the highest state court with a full and fair opportunity to consider all claims before presenting them to the federal court. Picard v. Connor, 404 U.S. 270, 276 (1971); Middleton v. Cupp, 768 F.2d 1083, 1086 (9th Cir. 1985), cert. denied, 478 U.S. 1021 (1986).

It appears that petitioner exhausted claims one and two alleging jury instruction error by presenting these claims to the California Supreme Court on direct appeal. (ECF No. 9 at 2.) Petitioner did not exhaust claims three, four and five raised in the petition, i.e., the claims alleging ineffective assistance of counsel, Fourth Amendment violation and prosecutorial misconduct. These three claims have not been presented to the California Supreme Court. In the pending motion, petitioner requests that this action be stayed while she exhausts her unexhausted claims.

In Rhines v. Weber, 544 U.S. 269 (2005), the Supreme Court established a procedure to stay federal habeas petitions while petitioners return to state court to exhausted unexhausted claims. A Rhines stay is available only where: (1) good cause is shown for petitioner's failure to have exhausted all claims in state court prior to filing the federal petition; (2) the unexhausted claim or claims potentially have merit; and (3) there is no indication that petitioner has intentionally delayed pursuing the litigation. Rhines, 544 U.S. at 277-78; see Jackson v. Roe, 425 F.3d 654, 660-61 (9th Cir. 2005).

*Good Cause*

"There is little authority on what constitutes good cause to excuse a petitioner's failure to exhaust." Blake v. Baker, 745 F.3d 977, 980 (9th Cir. 2014). Although good cause under Rhines does not require a showing of "extraordinary circumstances," Jackson v. Roe, 425 F.3d 654, 661-62 (9th Cir. 2005), unjustified ignorance does not satisfy the good cause requirement. Blake, 745 F.3d at 981. Rather, "good cause turns on whether the petitioner can set forth a reasonable

---

[1] A petition may be denied on the merits without exhaustion of state court remedies. 28 U.S.C. § 2254(b)(2).

2

excuse, supported by sufficient evidence, to justify" her failure to exhaust her claims.  Id. at 982.

In the motion to stay, petitioner argues that there is good cause to stay this action.  (ECF No. 13 at 2-3.)  Petitioner contends that she failed to exhaust her unexhausted claims prior to filing this action because her appellate counsel misadvised her regarding state habeas corpus timeline procedures.  (Id.)  Petitioner claims that during a telephone conversation, appellate counsel told her that there was no deadline for "filing state relief."  (Id. at 3.)  Petitioner alleges that once she learned otherwise, she filed a state habeas petition in the Sacramento County Superior Court on September 21, 2022.  (Id. at 2-3.)  Petitioner contends that had appellate counsel not misadvised her, she would have filed her state habeas petition first.  (Id. at 3.)

"Generally, under California law, there are no fixed, determinate deadlines" for filing habeas corpus petitions.  Robinson v. Lewis, 9 Cal.5th 883, 890 (2020).  In her motion to stay, petitioner acknowledges that she is aware of the one-year federal statute of limitations, see 28 U.S.C. § 2241(d)(1), for filing a federal habeas corpus petition.  (ECF No. 13 at 1-2.)  Based on this law, petitioner apparently misunderstood appellate counsel to inform her that she could wait to file her state habeas petitions, which had no deadline, until after she filed her federal habeas petition, which had a deadline.

Due to the circumstances and law set forth above, the undersigned finds that petitioner's mistaken belief that she could wait to file her state petition until after she filed her federal petition was not unreasonable.  Therefore, the undersigned finds that petitioner established good cause for her failure to exhaust all of her claims before filing the instant action.  See Pace v. DiGuglielmo, 544 U.S. 408, 416 (2005) ("A petitioner's reasonable confusion…will ordinarily constitute 'good cause' [under Rhines]…").

*Merit*

"A federal habeas petitioner must establish that at least one of [her] unexhausted claims is not 'plainly meritless' in order to obtain a stay under Rhines."  Dixon v. Baker, 847 F.3d 714, 722 (9th Cir. 2017).  For the following reasons, the undersigned finds that petitioner demonstrates that some of her unexhausted ineffective assistance of counsel claims, raised in claim three, are not plainly meritless.

In part, petitioner alleges that her trial counsel was ineffective for failing to conduct any investigation. (ECF No. 9 at 7-8.) Petitioner alleges that had counsel reviewed the ballistics and trajectory of the bullets at the crime scene, this evidence would have disproved the victim's version that he was shot, the car drove off, reversed, he was shot again, and the car drove off. (Id.) Petitioner argues that the ballistics and trajectory evidence would have undermined the victim's testimony and resulted in a more favorable verdict. (Id.) The undersigned finds that this unexhausted claim of ineffective assistance of counsel is not plainly meritless.

In an addendum filed in support of the petition, petitioner expands on the unexhausted ineffective assistance of counsel claims raised in the petition. (ECF No. 12 at 7.) The undersigned finds that some of the ineffective assistance of counsel claims raised in the addendum are not plainly meritless. For example, petitioner alleges that trial counsel failed to obtain video footage of the security camera facing the incident of which trial counsel was aware. (Id. at 7.) Petitioner claims that the video footage would prove her factual innocence. (Id.) Petitioner also claims that trial counsel failed to subpoena exculpatory cellular data that proved her actual innocence. (Id.) Although petitioner does not specifically describe how the video footage and cellular data would prove her factual innocence, the undersigned finds that these unexhausted claims of ineffective assistance of counsel are not plainly meritless.

*Delay*

For the reasons stated herein, the undersigned finds that there is no indication that petitioner intentionally delayed pursuing the litigation.

On May 12, 2021, the California Supreme Court denied petitioner's petition for review. (ECF No. 9 at 2.) Petitioner's conviction became final 90 days later, on August 19, 2021, after the time to seek review from the United States Supreme Court by way of a petition for certiorari became ended.[2] Bowen v. Roe, 188 F.3d 1157, 1159 (9th Cir. 1999) ("The period within which [petitioner] could have sought direct review of his conviction therefore included the ninety-day period within which [petitioner] could have filed a petition for writ of certiorari ... the one-year

---

[2] Petitioner does not claim she filed a petition for certiorari.

4

limitations period in 28 U.S.C. § 2244(d)(1)(A) began to run on the date that ninety-day period expired."). Absent tolling, petitioner had one year from August 19, 2021 to file a timely federal habeas petition. Petitioner filed her timely federal petition on June 30, 2022. (ECF No. 9.)

On August 25, 2022, the undersigned advised petitioner that she must exhaust all of her claims in state court. (ECF No. 11.) Apparently in response to the August 25, 2022 order, petitioner filed a habeas corpus petition in the Sacramento County Superior Court on September 21, 2022 raising her unexhausted claims. (ECF No. 13 at 2-3.)

Based on the circumstances described above, the undersigned finds that petitioner did not intentionally delay in bringing the instant action.

Conclusion

For the reasons discussed above, the undersigned finds that petitioner meets the requirements for a <u>Rhines</u> stay. Accordingly, petitioner's motion to stay this action should be granted.

Accordingly, IT IS HEREBY ORDERED that the Clerk of the Court shall appoint a district judge to this action; and

IT IS HEREBY RECOMMENDED that petitioner's motion to stay (ECF No. 13) be granted, and this action be administratively stayed while petitioner exhausts her unexhausted claims; within thirty days of the adoption of these findings and recommendations, petitioner be ordered to file a status report addressing the status of the exhaustion of her unexhausted claims.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, petitioner may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Petitioner is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. <u>Martinez v. Ylst</u>, 951 F.2d 1153 (9th Cir. 1991).

Dated:  April 20, 2023

Gib844.fr

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE